```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF VERMONT
```

MICHELENE WRAY                          :
      Plaintiff,                  :
                                          :
              v.                       :       No. 1:05-cv-122
                                          :
UNITED AIR LINES, INC.,                 :
MARK FROHMAN and JOHN GRINDLE,          :
      Defendants.                 :
_____  :

### RULING ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO REMAND
(Papers 12, 17 and 22)

Defendant United Air Lines, Inc. ("United") removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 the claim originally filed by Plaintiff Michelene Wray in Chittenden Superior Court. Defendant United now moves to dismiss plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) because all Ms. Wray's claims are "minor" disputes that are preempted by, and must be adjudicated pursuant to, the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq. (2005). Defendants Mark Frohman and John Grindle request to join United's motion to dismiss. Plaintiff asks that this case be remanded to Chittenden Superior Court. For the reasons set forth below, Defendants Frohman and Grindle's motion to join defendant United's motion to dismiss is GRANTED. Plaintiff's motion for remand to Chittenden Superior Court is DENIED. Defendants' motions to dismiss plaintiff's Complaint is GRANTED.

BACKGROUND

Plaintiff Michelene Wray is a Customer Service Representative ("CSR") at United and is a member of the International Association of Machinists and Aerospace Workers ("IAM"). The Union and United are parties to a Collective Bargaining Agreement ("CBA") that dictates the terms, conditions, and obligations of employment concerning employees in public contact positions, which include CSRs.

On May 23, 2003, Ms. Wray was offered a position at $21.13 per hour with United Airlines in Vermont at the Burlington International Airport. Ms. Wray accepted the offer because her previous position in California was being eliminated and the new rate of pay was significantly higher. Ms. Wray received confirmation of her pay in writing and she verified the new pay rate twice before accepting the job and moving.

Ms. Wray sold her home in California and relocated to Vermont. Ms. Wray learned her wage had been changed when she received her first paycheck. She was then informed by Mr. Grindle there was an error in the rate of pay that she was quoted and her correct rate of pay was $13.03 per hour.

Based upon these facts, plaintiff alleges that United (1) breached its contract with plaintiff and (2) violated Vermont's Wage and Hours laws by failing to pay plaintiff the

compensation that she earned in a timely manner in violation of 21 V.S.A. § 342.  Plaintiff also claims she was discriminated against for filing a workers' compensation claim in violation of 21 V.S.A. § 710 when she was allegedly not provided light duty assignments.

Defendants argue plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because her allegations are inextricably intertwined with rights and obligations governed by the CBA between United and plaintiff's Union, IAM.  As a result, plaintiff's claims fall within the broad scope of the RLA, the adjudication of which falls in the exclusive jurisdiction of the Adjustment Board, the arbitration panel established by the RLA.

## DISCUSSION

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the allegations of the complaint are to be construed favorably to the pleader.  OMYA, Inc. v. Vermont, 80 F. Supp. 2d 211, 214 (D. Vt. 2000).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings."  Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000).  The Complaint is to be viewed liberally and the

court accepts as true all uncontroverted material facts alleged in it.  Id.

The RLA governs labor disputes in the airline industry. Baylis v. Mariott Corp., 843 F.2d 658, 662 (2nd Cir. 1988); 45 U.S.C. § 181.  The purpose of the RLA is to keep airline disputes out of the courts.  Baylis, 843 F.2d at 662.  To accomplish this goal, the RLA established arbitration panels called "Adjustment Boards," which have exclusive jurisdiction to consider minor disputes between air carriers and their employees "growing out of grievances, or out of interpretation or application of agreements concerning rates of pay, rules, or working conditions."  Baylis, 843 F.2d at 662; 45 U.S.C. § 184.

The dispositive issue in this case is whether this dispute is "minor," or "major."  Minor disputes "are the exclusive province of the Adjustment Boards," Id. at 662-63, while major disputes may be adjudicated in a court of law. Minor disputes "grow out of grievances or out of the interpretation or application covering rates of pay, rules or working conditions."  Hawaiian Airlines v. Norris, 512 U.S. 246, 252-53 (1994).  On the other hand, major disputes relate to the "formation of collective bargaining agreements or efforts to secure them."  Id. at 254.  Simply put, major

disputes "seek to create contractual rights, minor disputes seek to enforce them."  Id.

Plaintiff argues her claims are not related to and do not require an interpretation of the CBA, and therefore, are not preempted by the RLA.  A cause of action is "not pre-empted by the RLA if it involves rights and obligations that exist independent of the CBA."  Id. at 260.

Defendants argue, that although plaintiff's claims do not specifically refer to the CBA, they require contractual interpretation to determine her appropriate rate of pay, which can only be resolved by reviewing and interpreting the relevant CBA.  Because the CBA has a provision regarding the rate of pay for union employees, plaintiff must prove that the terms of the oral contract are not superseded or contradicted by the terms of the CBA in order to prevail on her state law breach of contract claims.  Schuver v. MidAmerican Energy Co., 154 F.3d 795, 799 (8th Cir. 1998); see also Campbell v. Kane, Kessler, P.C., 2005 U.S. App. LEXIS 13279 *4 (2nd Cir., June 28, 2005).

Here, plaintiff alleges United offered a rate of pay that modifies or contradicts the rates of pay provided for in the CBA.  Plaintiff's pay-related claims, the breach of contract and wage and hour claims, are "inextricably intertwined" with the terms of the CBA, and therefore, are

preempted by the RLA.  <u>Allis-Chalmers Corp. v Lueck</u>, 471 U.S. 202, 213 (1985); <u>see also</u> <u>Schuver</u>, 154 F.3d at 799; <u>Parker v. Metropolitan Transit Auth.</u>, 97 F. Supp. 2d 437, 447 (S.D.N.Y. 2000).

In addition to her pay-related claims, plaintiff alleges discrimination for filing a worker's compensation claim alleging she was not provided light duty assignments. Defendants argue her worker's compensation claim cannot be adjudicated without first interpreting the CBA and referring to employer-union practice to determine what rights plaintiff had to request job tasks and assignments.  Similar to her pay-related claims, plaintiff's worker compensation claim is "inextricably intertwined" with the terms of the CBA, and its seniority and job assignment provisions in particular, and is preempted by the RLA.  <u>See</u> <u>Lueck</u>, 471 U.S. at 213; <u>Parker</u>, 97 F. Supp. 2d at 447.  Because all of plaintiff's claims are preempted by the RLA, these claims must be DISMISSED.

## CONCLUSION

For the foregoing reasons, Defendant Frohman and Grindle's motion to join Defendant United's motion to dismiss (Paper 17) is GRANTED.  Plaintiff Michelene Wray's motion to remand (Paper 22) is DENIED.  Defendants' motions to dismiss (Papers 12 and 17) are GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of July, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge